PITMAN, J.
hK.S. was • adjudicated a delinquent youth for the offense of aggravated rape and was committed to the Office of Juvenile Justice until the age of 21. K.S. appeals. For the following reasons, K.S.’s adjudication is'affirmed, the disposition is amended and affirmed as amended, and this matter is remanded to- the juvenile court with instructions.

FACTS

On May.27, 2015, the state filed a petition alleging that, on or about July 6, 2014, K.S. (born December 19, 1998) committed aggravated rape upon T.S. (born March 5, 2009), in violation of La. R.S. 14:42.[1] On June 17, 2015, K.S. entered a denial. On August 19, 2015, the state filed an amended petition in which it clarified that K.S. committed the offense on or about June 28 to July 9, 2014.
The adjudication hearing took place on September 9, 2015. Two law enforcement officers, T.S.’s mother (K.S.’s sister), T.S.’s grandmother (KS.’s mother) and K.S. testified during the hearing. T.S.’s mother testified that five-year-old T.S. told her that K.S. made her perform oral sex on him. K.S. denied that T.S. performed oral sex on him, but admitted that, while he was watching pornography and masturbating, his younger brother,-S.S., and niece, T.S., came into the room. Video recordings of the interviews of T.S. and S.S. conducted at-the Gingerbread House were 12introduced .into evidence. The trial court found beyond a reasonable doubt that K.S. committed the act of aggravated rape and adjudicated K,S. a delinquent on the- offense of aggravated rape. The trial court committed K.S. to the Office of Juvenile Justice until his 21st birthday.
K.S. appeals.

DISCUSSION AND ERRORS PATENT

K.S. argues that the trial court erred in failing to advise him of the prescriptive delays to file for post-conviction relief; in failing to issue a written, signed judgment conforming to La. Ch. C. art. 903; and in failing to award him credit for time spent in secure detention from his arrest on. this charge until the time, of the disposition. The state agrees that the case should be remanded to correct these errors.
In State ex rel. E.D.C., 39,892 (La.App.2d Cir.5/11/05), 903 So.2d 571, writ denied, 05-1568 (La.1/27/06), 922 So.2d 544, this court discussed delinquency proceedings in the juvenile system and stated:
The unique nature of the juvenile system is manifested in its noncriminal, or ‘civil’ nature, its focus on rehabilitation and individual treatment rather than retribution, and the state’s role as par-ens patriae in managing the welfare of the juvenile in state custody. State ex rel. D.J., 01-2149 (La.5/14/02), 817 So.2d 26. The purpose of the Louisiana delin *1115 quency proceedings is to accord due process to each child who is accused of having committed a delinquent act and, except as provided for in La, Ch. C. art. 897.1, to insure that he shall receive, preferably in his own home, the care, guidance, and control that will.be conducive to his welfare and the best interests of the state and that in those instances when he is removed from the control of his parents, the court shall secure for him care as nearly as possible equivalent to that which the parents should have given him. La. Ch. C. art. 801. The provisions' of the Louisiana Children’s Code govern and regulate delinquency proceedings, but where procedures are not provided,- the court shall proceed in accordance with the | .¡Louisiana Code of Criminal Procedure. La. Ch. C. art. 803. All rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the right to jury trial, shall be applicable in juvenile court delinquency proceedings. La. 'Ch. C. art. 808.
Pursuant to La. Ch. C. arts. 104 and 803, where procedures are not provided in the Louisiana Children’s Code, or otherwise by law, the court shall proceed in accordance with the Louisiana Code of Criminal Procedure. Although the Louisiana Children’s Code is silent as to whether a juvenile proceeding warrants an error patent review, such a review is mandated by La. Ch. C. art. 104 and La. C. Cr.. P. art. 920. See State v. Interest of W.T.B., 34,269 (La.App.2d Cir.10/20/00), 771 So.2d 807.
Prescriptive Delays for Post- ■ Gonvictim Relief
The Louisiana Children’s Code provides no procedures regarding post-conviction relief, so the provisions of the Code of Criminal Procedure are applicable. La. C. Cr. P. art. 930.8(C) states, in part, that “[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing.”
The record demonstrates that, at the adjudication hearing on September 9,2015, the trial court failed to properly advise K.S. of the prescriptive period within which he must apply for post-conviction relief.
Accordingly, this court hereby advises K.S. that, pursuant to La. C. Cr. P, art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
| ¿Written, Signed Judgment
La. Ch) C. art. 903 states, in part:
B. The court shall enter into the record a written judgment of disposition specifying all of the following:
"(1) The offense for which the child has been adjudicated a delinquent.
(2) The nature of the disposition.
(3) The agency, institution, or person to whom the child is assigned.
(4) The conditions of probation, if applicable.
(5) Any other applicable terms and conditions regarding, the disposition.
(6) The maximum duration of the disposition and, if committed- to the custody of the Department of Public Safety and Corrections, the maximum term of the commitment.
[[Image here]]
D. An extract of the-minutes of court specifying the information required by Paragraph B of this Article and signed *1116 by the court shall be considered a written judgment of disposition.
The record in this case contains a minute entry signed by the deputy clerk of court. This minute entry does not contain the information required by La. Ch. C. art. 903(B).
Accordingly, this matter is remanded, and the trial court is ordered to enter into the record a written, signed judgment of the disposition in accordance with La. Ch. C. art. 903.

Credit for Time Served

La. Ch. C. art. 898(A) states, in part, that “[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition.” La. Ch. C. art. 897.1 states, in part:
After adjudication of a felony-grade delinquent act based upon a violation of ... R.S. 14:42, aggravated or first degree rape ..., the court shall commit the child who is fourteen years or older at the time of the commission of the offense to the custody of the Department of Public Safety and ^Corrections to be confined in secure placement until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence.
The record in this case demonstrates that the disposition did not include credit for time spent in secure detention prior to the imposition of the disposition. Although K.S. shall remain in the custody of the Department of Public Safety and Corrections until he attains the age of 21 years and credit for time served shall not decrease the term of custody, the disposition should be amended to reflect that K.S. is given credit for time served pursuant to La. Ch. C. art. 898.
Accordingly, we amend the disposition to reflect that K.S. is given credit, if any is available to him, for time spent in secure detention prior to the imposition of disposition. This matter is remanded, and the trial court is ordered to note the amendment in the custody order, minute entry and written judgment.

CONCLUSION

KS.’s adjudication is affirmed, the disposition' is amended and affirmed as amended and this matter is remanded to the juvenile court with instructions.
AFFIRMED; AMENDED AND AFFIRMED AS AMENDED; AND REMANDED WITH INSTRUCTIONS.

. La. R.S. 14:42 was' amended in 2015 to change the name of the offense from "aggravated rape” to "first dégree rape,” The elements of the' offense were not amended. La. R.S. 14:42(E) explains:'' ■
E. For all purposes, “aggravated rape” and "first degree rape” mean the 'offense defined by the provisions of this Section and any reference to the crime of aggravated rape is the same as a reference to the crime of first degree rape. Any.act in violation of the provisions of this Section committed on or after August 1, 2015, shall be referred to as “first degree rape”.